IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT CROWDER, JR., :

    Plaintiff,                            Case No. 3:21-cv-104

vs.                                       :    JUDGE WALTER H. RICE

RUSSELL JOSEPH, *et al.*, :

    Defendants.

---

DECISION AND ENTRY DISMISSING COMPLAINT WITHOUT PREJUDICE TO REFILING IN A STATE COURT OF COMPETENT JURISDICTION; OVERRULING AS MOOT DEFENDANTS' MOTION TO DISMISS (DOC. #6); JUDGMENT TO ENTER IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF; TERMINATION ENTRY

---

Plaintiff Robert Crowder Jr., who is proceeding *pro se*, filed this lawsuit against former Montgomery County Treasurer Russell Joseph, Montgomery County Auditor Karl Keith, Montgomery County Prosecuting Attorney Mathias H. Heck, Jr., and Montgomery County Recorder Brandon McClain.[1] Doc. #1, PageID#1. Plaintiff alleges that Defendants have engaged in misconduct relating to tax information, foreclosures and audits.

---

[1] Although Plaintiff listed additional plaintiffs in the caption of his complaint—namely, Redworc Technologies, Derrick Conner, and Limitless Auto Trim—none of them signed the complaint. Doc. #1, PageID##1, 4. Therefore, the only plaintiff before the Court is Robert Crowder, Jr.

1

Pending before the Court is a Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss" or "Motion") filed by Defendants Joseph, Keith, Heck and McClain (collectively "Defendants") pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). Doc. #6. Plaintiff filed a Response to Motion to Dismiss. Doc. #8.

For the reasons set forth below, the Court concludes that it lacks subject matter jurisdiction over this action. The Court therefore dismisses the action pursuant to Fed. R. Civ. P. 12(h)(3) without prejudice to refiling in a state court of competent jurisdiction. The Court overrules the Motion to Dismiss as moot.

I.  **Background**

This Court liberally construes a *pro se* complaint and holds it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). Nevertheless, a *pro se* complaint must adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). For example, "courts should not have to guess at the nature of the claim asserted." *Id*. Instead, the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93.

Plaintiff alleges that Defendant Joseph "is reporting false tax information to cover up bank and real estate fraud against community." Doc. #1, PageID#3.[2]

---

[2] In setting forth the background, taken from the Complaint, the Court has accepted Plaintiff's factual allegations as true and has construed them in the light most favorable to him.

Plaintiff alleges that Defendant Heck "is enforcing unenforceable liens to foreclose on low income Dayton community." Doc. #1, PageID#3.

Plaintiff alleges that Defendant Keith "is giving false information, taking money from investors, and failing to audit records in accordance with law." Doc. #1, PageID#3.

Plaintiff alleges that Defendant McClain "is not keeping records accurate in the low income community." Doc. #1, PageID#3.

Plaintiff alleges that "Key Bank signed 120 million dollar deal to cover fraud using auditor's false audit." Doc. #1, PageID#3.

Plaintiff alleges: "They are using 2329 of the Ohio Revised Code to deprive citizens of 1303.16 of the Ohio Revised Code." Doc. #1, PageID#3.

For relief, Plaintiff would like to finish acquiring several specific properties. Doc. #1, PageID#4. He would like "a cease & desist issued to stop city unlawful foreclosure proceeding (foreclosure mill)." *Id.* He would like the Court to "[o]rder city officials to reinstate Lot links program and allow county residents to utilize lawful methods to acquired so lawful tax liens can begin to be assessed in accordance with law." *Id.* Finally, he would like Defendants to be investigated for "all attached title 18 violations of the United States Code." *Id.*

## II.     Subject Matter Jurisdiction

This Court is required to ensure that it has subject matter jurisdiction before it proceeds to decide a dispute. *See* Fed. R. Civ. P. 12(h)(3). The Court will

3

therefore begin its analysis by examining whether any of the cited statutes gives it subject matter jurisdiction over Plaintiff's Complaint.

Plaintiff asserts that the Court has subject matter jurisdiction pursuant to 18 U.S.C. §§ 241, 242, 1344, 1593a & 1951, and 28 U.S.C. §§ 1331, 1332(a)(1) & 1343(3). Doc. #1, PageID#2. Plaintiff describes the cause of action as "[b]locking right to acquire property." *Id.*, PageID##3, 8.

The statutes codified in 18 U.S.C. §§ 241 (conspiracy against rights), 242 (deprivation of rights under color of law), 1344 (bank fraud), 1593A (benefitting financially from peonage, slavery, and trafficking in persons), and 1951 (interference with commerce by threats or violence) are criminal laws. None of these criminal laws purports to give the Court subject matter jurisdiction over a civil action. Instead, claims alleging violations of these criminal laws must be filed by a United States Attorney or Assistant United States Attorney, not by a private citizen. Thus, the cited sections of Title 18 of the United States Code do not give the Court subject matter jurisdiction over Plaintiff's Complaint.

Section 1332(a)(1) of Title 28 of the United States Code grants the Court subject matter jurisdiction to hear cases between citizens of different states. "Diversity of citizenship ... exists only when no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999). Plaintiff alleges that he resides in Ohio. Doc. #1, PageID#1. Plaintiff is therefore considered to be a citizen of Ohio. The Court takes judicial notice that Defendants are or were elected officials in Ohio, and therefore are

4

citizens of Ohio. Because Plaintiff and Defendants are citizens of the same state, the Court does not have subject matter jurisdiction under 28 U.S.C. §1332(a)(1).

Section 1343(a) of Title 28 of the United States Code grants the Court subject matter jurisdiction over certain civil rights actions. Construed liberally, Plaintiffs' allegations do not fall within the categories of civil rights actions described in Section 1343(a). Therefore, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1343(a).

Finally, Section 1331 of Title 28 of the United States Code grants the Court subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff does not cite any federal statute or Constitutional provision that gives him a civil cause of action. Instead, Plaintiff claims only that Defendants violated state law. Specifically, Plaintiff alleges that Defendants violated Chapter 2329 of the Ohio Revised Code (titled "Execution Against Property") and thereby harmed Plaintiff's rights under Ohio Revised Code § 1303.16 (titled "Statute of limitations – UCC 3-118"). State-law claims do not "arise under" federal law. Therefore, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1343(a).

Accordingly, because the Court lacks subject matter jurisdiction over this action, the Court DISMISSES Plaintiff's Complaint WITHOUT PREJUDICE to refiling in a state court of competent jurisdiction. The Court also OVERRULES AS MOOT Defendants' Motion to Dismiss, Doc. #6.

Judgment shall be entered in favor of Defendants and against Plaintiff.

6

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: September 29, 2022

_Walter H. Rice_
WALTER H. RICE
UNITED STATES DISTRICT JUDGE